**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| TREANDOUS A. COTTON, | No. 14-15333 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05891-WHA |
| v. | |
| JEFFERY BEARD, Secretary of CDCR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Treandous A. Cotton, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process and equal protection violations.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Cotton's due process claim regarding his classification as a gang member and subsequent placement on a modified program because Cotton failed to allege facts sufficient to show that he had a liberty interest at stake. *See Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of a procedural due process claim, including "a liberty or property interest protected by the Constitution" (citation and internal quotation marks omitted)); *Resnick*, 213 F.3d at 448 (a prisoner only has a liberty interest "when a change occurs in confinement that imposes an atypical and significant hardship . . . in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

The district court properly dismissed Cotton's equal protection claim because Cotton failed to allege facts sufficient to show that he was discriminated against because of his membership in a protected class, *see Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013), or that any defendant intentionally treated him differently than similarly situated individuals, *see Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008).

The district court properly dismissed Cotton's claim regarding the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED.**

14-15333